DON J. ARNESON and BEATRICE ARNESON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Arneson v. Commissioner
Docket No. 10111-76.
United States Tax Court
T.C. Memo 1977-391; 1977 Tax Ct. Memo LEXIS 48; 36 T.C.M. (CCH) 1586; T.C.M. (RIA) 770391; November 14, 1977, Filed Don J. Arneson, pro se. Thomas P. Dougherty, Jr., for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $6,145 in petitioners' Federal income tax for 1973. We have been asked to decide whether petitioners are entitled to nonrecognition under section 1034 [1] of the gain realized by them in 1973 on the sale of their former residence. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so *49 found. Petitioners, Don and Beatrice Arneson, are husband and wife and resided in Southbury, Connecticut, at the time of filing their petition herein. On June 30, 1973, petitioners sold their principal residence which was located in Brookfield Center, Connecticut. As the result of such sale, petitioners realized a net longterm capital gain in the amount of $43,838. Petitioners' basis in the residence was $42,228. In July 1973 petitioners traveled to Europe for reasons pertinent to Don's occupation as a self-employed freelance writer. Petitioners returned to the United States on July 1, 1975, and purchased a new principal residence in Southbury, Connecticut, on October 6, 1975. On their return for 1973, petitioners reported the purchase of a camper on July 1, 1973, at a cost of $4,773 and claimed a deduction for depreciation thereon based on 75 percent business use. OPINION We have been asked to decide whether petitioners must recognize the gain which they realized on the sale of their former residence in 1973. Section 1034(a), as amended and in force during the year in issue, generally provides for nonrecognition of gain if property used by a taxpayer as his *50 principal residence is sold and the taxpayer "within a period beginning 1 year before the date of such sale and ending 1 year after such date" purchases other property which he uses as his new principal residence. [3]
It is undisputed that petitioners realized gain of $43,838 on the sale of their old principal residence on June 30, 1973. The parties also agree that petitioners failed to reinvest the proceeds of that sale in a new principal residence within the one-year period then applicable under section 1034(a). Petitioners nevertheless maintain that: (1) It would be unreasonable to require them to have purchased a home while traveling in Europe on business for the two-year period following the sale of their old principal residence; (2) they have complied with the "spirit" of section 1034(a) by purchasing a new principal residence within four months of their return to the United States in 1975; (3) finally, the special relief provided military personnel by section 1034(h) is discriminatory, and similar relief should *51 therefore be accorded citizens in the private sector. We do not doubt the sincerity of petitioners' convictions, and we are convinced that their position is based upon such convictions. However, petitioners good intentions, apparent reliance on inaccurate tax advice, and valid personal reasons for not purchasing a new principal residence within the applicable time period do not suffice to bring them within the ambit of the time limitation of section 1034. The statute is unambiguous on its face and mechanical in its operation. [4]
Finally, petitioners' argument that they are entitled to relief similar to that provided members of the armed services by section 1034(h) is without merit. Congress has long recognized the unusual financial problems associated with military life, and has seen fit to provide special rules to cope with certain of these problems. Indeed, the Supreme Court has recognized that it is within the province of Congress to do so. Commissioner v. Stidger,386 U.S. 287 (1967).
*52 Accordingly, petitioners are not entitled to the nonrecognition treatment provided by section 1034. [5]
Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended, and in force during the year in issue. ↩
2. Resolution of this question will be determinative of the parties' disagreement regarding the amount of medical/dental expenses properly deductible in 1973 by petitioners.↩
3. The one-year period was extended to 18 months with respect to sales of old residences subsequent to December 31, 1974, by the Tax Reduction Act of 1975.↩
4. See Bazzell v. Commissioner,T.C. Memo. 1967-101. Nor does the statute require that the new residence be located in the United States. See Rev. Rul. 74-411, 1974-2 C.B. 270↩.
5. Petitioners have raised on brief what appears to be an additional argument. They assert that in 1973 they purchased a camper which they used as their principal residence while in Europe. While their 1973 return indicates the purchase of a camper, the record does not contain any evidence with respect to its use as a residence. Moreover, in addition to the procedural issue raised by petitioners' untimely advancement of this theory, if the camper reported on their 1973 return is the same camper referred to by petitioners on brief, its cost (even assuming that it did constitute petitioners' principal residence while in Europe) is insufficient to diminish the amount of realized gain which is required to be recognized. See sec. 1.1034-1(c)(2), Income Tax Regs.↩